———o‹◇›o———

## WATERBURY BRASS COMPANY *vs.* SARAH J. PRITCHARD.

The father of the defendant, representing himself to be her agent, obtained from the plaintiffs their check on a bank payable to her order, the amount of which they charged to her. The defendant at her father's request indorsed the check and he drew the money on it. Held that there was nothing in these facts from which the law would necessarily infer that the money was paid by the plaintiffs for her use or at her request, but that she might show that the check was not obtained at her request, that she had no knowledge that her father had obtained it as a loan to her, and that the money paid on it did not go to her or for her benefit.

ASSUMPSIT, to recover for money loaned to the defendant and money paid for her use, brought to the superior court in New Haven county and tried to the jury, on the general issue, before *Loomis, J.* The jury rendered a verdict for the defendant, and the plaintiffs moved for a new trial for errors in the charge of the court. The case is sufficiently stated in the opinion.

*Doolittle* and *Kellogg*, in support of the motion.

*Beach* and *Webster*, contra.

CARPENTER, J.   The plaintiffs, at the request of Elizur E. Pritchard, the father of the defendant, who represented himself to be her agent, drew their check on the Seventh Ward Bank of New York for the sum of $400 payable to the order of the defendant.   This check was subsequently indorsed by the defendant, and paid by the bank to the indorsee.   It was conceded that the transaction was a loan to some one.   The plaintiffs, in support of their claim that it was a loan to the defendant, in addition to the conceded facts, further claimed to have proved that the loan was collaterally secured by a promissory note for $500, drawn by one Smith, payable to the order of the defendant and by her indorsed, and that this sum of $400 was charged to the defendant on the plaintiffs' books.

The defendant denied that Elizur E. Pritchard was her agent, and claimed that the money was not used by her, or for her benefit, and that, at the time she indorsed the check, she had no knowledge of the nature of the interview between the plaintiffs and her father.   She also denied that she then had any interest in the Smith note.   She also claimed to have proved that she indorsed the check at the request of her father, and that the money was used for his benefit alone.

Upon these claims the plaintiffs asked the court to charge the jury as stated in the motion.   In respect to the 1st, 2d and 5th points, the request was substantially complied with, and they require no further notice.   The 3d and 4th points were as follows:—

" 3d. That the blank indorsement of the check by the defendant and subsequent payment thereof by the bank, was the same in legal effect as though she had gone to the bank, presented the check, and received the money in payment.

" 4th. That by her indorsement of the check, and subsequent payment by the bank, she was estopped to deny that the plaintiffs had paid this money to her, or to her order, and at her instance and request, so that if there was no consideration for such payment by the plaintiffs, the plaintiffs were entitled to recover under the counts for money paid."

The court charged the jury as follows: " The act of the

defendant in indorsing the check precludes her from claiming that the plaintiffs or the bank had no right to pay it, and from denying that she had ordered it paid to the holder of it; but she is not thereby estopped from showing that this money was not paid for her use and benefit.   The mere receipt of a check by her, if this were all, would not be even *prima facie* evidence of money loaned; but if you find that there was no previous debt due. from the plaintiffs, in payment of which the check was given, then the production of a check by the plaintiffs payable to the order of the defendant, accompanied with evidence of the payment of the check upon her order, is presumptive evidence of a loan to her, but not conclusive evidence; it tends to make out the issue in favor of the plaintiffs."   And then, after commenting somewhat upon the evidence, the court adds:—" The question here is one of fact, whether the loan was made to the defendant or her father. If it was made to him, the form of the check, being made payable to her and indorsed by her, would not bind her to repay the money, unless she received its proceeds for her use and benefit."

We see nothing in the charge of which the plaintiffs can complain.   The jury were correctly told that the question was one of fact, whether the loan was made to the defendant or her father; and we think that question ought to have been determined, as it was, upon consideration of all the circumstances in the case.

The court was asked to say, in substance, that from the payment of the check by the plaintiffs to the defendant or her order, there being no consideration as between the parties for such payment, the law conclusively presumes an indebtedness from the latter to the former.   A compliance with this request would have withdrawn from the consideration of the jury all the circumstances of the case except the payment of the check to the defendant's order without consideration. Thus the question of agency, and the question whether the defendant actually had the use of the money, and if so under what circumstances, would have become immaterial.   We see no reason why the defendant might not show, in addition to

the conceded facts, that she did not have the money ; or, if the fact was so, that she received it as a loan from her father, or in payment of a preëxisting debt from him. Yet the instruction asked for would have precluded her from doing so. The application of such a rule would, in many cases, work great injustice, and contravene the manifest intention of the parties. It ought not therefore to be adopted, unless for reasons which imperatively require it. No such reasons exist in · this case, and we do not advise a new trial.

In this opinion the other judges concurred.